involved is one of law. Although appellee made the first attempt to purchase the property from Fuller, the corn was then matured in the field and only needed to be husked to be delivered, and it was therefore personal property. Appellee never in any way attempted to take possession of this corn, but relied wholly upon the promise of Fuller to husk and deliver it to him and he was not to have possession until it was so delivered to him at his elevator in Catlin. Holmes, on the other hand, as soon as he obtained a bill of sale for this property reduced it to possession; he had no notice whatever of any interest that appellee claimed to have therein by reason of the pretended purchase by him. The sale to Holmes and from Holmes to White were bona fide sales without any knowledge whatever of the claim of appellee, and they having reduced their purchase to possession and secured absolute control over the property are the owners of that property as against appellee in this replevin suit. The trial court should have given the peremptory instruction to the jury as requested by defendants; to refuse it was error. *Davis v. Shepherd,* 87 Ill. App. 467.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*

---

## Alex Hamilton and Marie Hamilton, Appellees, v. Earle Sampson, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Alex Hamilton and Marie Hamilton, partners, against Earle Sampson to recover damages for

the loss of seventy-four turkeys belonging to plaintiffs and alleged to have been killed by defendant while they were foraging on an adjoining farm belonging to defendant. From a judgment in favor of plaintiffs for two hundred and eighty-five dollars, defendant appeals.

WATKINS & GOLDEN, for appellant.

THOMAS P. REEP, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

1. ANIMALS, § 28*—*right of owner of farm to kill or injure trespassing turkeys*. An owner of a farm has a right to drive turkeys belonging to another off his premises, but the mere fact that they are trespassing on his place gives him no right to kill or injure them.

2. ANIMALS, § 43*—*when evidence sufficient to sustain recovery for killing trespassing turkeys*. In an action to recover for turkeys killed by defendant while they were foraging on defendant's adjoining farm, evidence *held* sufficient to sustain a verdict for plaintiffs, it appearing that no serious damage was done to defendant's farm or his crops thereon by reason of the trespass.

────────────

## Dora E. McEvoy, Appellee, v. Court of Honor, Appellant.

1. APPEAL AND ERROR § 1818*—*conclusiveness of decision of Appellate Court on former appeal*. Prior decision of Appellate Court on a former appeal as to the sufficiency of a replication is conclusive on a subsequent appeal.

2. APPEAL AND ERROR, § 1442*—*when permitting withdrawal of deposition not error*. A party has a right to withdraw his deposition prior to the time of the trial if he sees fit to do so, and it is not error for trial court to permit its withdrawal where the witness was present in court and the other party could have used him as a witness.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.