**SICKMAN et al. v. UNITED STATES**
(two cases).

**RYAL et al. v. UNITED STATES.**
Nos. 10101, 10103, 10102.

United States Court of Appeals
Seventh Circuit.

Oct. 24, 1950.

Robert L. Lansden, David V. Lansden, Cairo, Ill., for appellants.

A. Devitt Vanech, Assistant Attorney General, Roger P. Marquis, John C. Harrington, Department of Justice, Washington, D. C., William W. Hart, U. S. Atty., Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., Ray M. Foreman, Asst. U. S. Atty., Danville, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

The plaintiffs in the three suits before us are either owners of or tenants on farms located along the westerly side of the Horseshoe Lake State Game Preserve in Alexander County, Illinois. The actions are brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671–2680, to recover $26,500 alleged damages to their crops of corn and soybeans claimed to have been destroyed in 1946 and 1947 by migratory waterfowl, principally Canada geese. The district court sustained defendant's motion to dismiss the amended complaints. Plaintiffs elected to stand on their pleadings and the actions were dismissed. The appeals followed.

The complaints allege that Horseshoe Lake State Game Preserve for many years has served as a wintering ground for large numbers of geese which are migratory waterfowl, the protection of which has been assumed by the United States of America pursuant to treaties with Great Britain and Mexico. Plaintiffs allege that the federal government, by the action or non-action of its employees, agents or servants, is liable to plaintiffs for damages by reason of one, some, or all of the following: (a) defendant was negligent in failing to protect plaintiffs' crops from depredations by geese; (b) defendant created a nuisance by reason of which plaintiffs' crops have been destroyed and damaged; (c) defendant took no steps to protect plaintiffs' crops from damages although the predatory character of geese and their proclivities for damaging crops was known; (d) defendant is an insurer of plaintiffs' crops against damage by geese; (e) defendant cannot avoid liability by non-action; (f) defendant's action in 1946 in keeping the geese stirred up by the use of aircraft, flares, explosives, bombs, etc. caused damage to plaintiffs which otherwise would not have resulted except for defendant's wrongful acts; (g) defendant, by permitting geese to damage plaintiffs' crops has interfered with plaintiffs' exclusive occupation, enjoyment and dominion over their crops, and the right to utilize such crops as they see fit; (h) defendant, by having wild geese in its possession and control, is responsible for any depredations which such geese may commit; (i) by permitting Canadian geese to congregate in vast numbers at the State Game Preserve, knowing the propensity of such geese to damage crops, defendant has negligently caused the damage to plaintiffs' crops; (j) by neglecting and failing to concentrate the geese in Horseshoe Lake State Game Preserve, or in another area, by feeding, herding or driving, defendant has negligently failed to perform the duty

618

owing to plaintiffs; (k) defendant, when geese are in the United States of America, is the owner of and has possession of said geese, or is trustee for the high contracting parties to the treaties, and, by reason of said trust, owes the duty to protect innocent persons from harm or damage.

Pertinent sections of the Federal Tort Claims Act which waive immunity of the sovereign are 28 U.S.C.A. § 1346(b) and Sec. 2674, which read as follows:

Sec. 1346(b): "Subject to the provisions of chapter 173 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Sec. 2674: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

Plaintiffs argue that at common law the liability of the keeper for trespasses by animals and birds was most strict, and point out that Illinois is a common law State. Plaintiffs cite Moss v. Pardridge, 9 Ill.App. 490, 492, where the court held that the owner or keeper of wild animals is conclusively presumed to have notice that they are vicious and dangerous, and if he neglects to keep them properly secured he is liable for injuries committed by them, without any proof of his knowledge of their viciousness.

Plaintiffs also invite attention to McPherson v. James, 69 Ill.App. 337, where it was held plaintiff was entitled to damages where defendant's flock of turkeys strayed upon plaintiff's premises, and to Hamilton et al. v. Sampson, 184 Ill.App. 316, where the court sustained a judg-

ment against defendant for killing 74 turkeys belonging to plaintiffs while the birds were foraging on defendant's adjoining farm.

■ In the oral argument before this court plaintiffs' counsel insisted that the United States Government was the owner of the wild geese, at least while they were within the geographical confines of this nation. If counsel's theory is correct, presumably as such geese passed the Canadian boundary on their northern flight, and the Rio Grande River if they flew that far south, their ownership passed then to the governments of Canada and Mexico respectively. Plaintiffs' theory as to the ownership of migratory wild fowl which have not been reduced to possession is without merit and cannot be sustained.

■ In their brief plaintiffs say, "The allegations in the complaints in these actions show the dangerous character of the geese that destroyed plaintiffs' crops." They then argue that liability for the trespasses of animals or birds is not governed by whether they are domesticated or wild. We do not agree. Even if we assume that the district court had jurisdiction to adjudicate plaintiffs' claims, defendant still would have to prevail because a private person could not be held liable for the trespasses of animals which are *ferae naturae,* and which have not been reduced to possession, but which exist in a state of nature. The United States, considered as a private person, did not have any ownership, control or possession of these wild geese which imposed liability for their trespasses. On the merits we think that the amended complaints failed to state any claim upon which relief can be granted.

It undoubtedly would have been more logical for us to have passed upon the question of jurisdiction first. In view of our decision on that question, a discussion on the merits could have been avoided. However, in the event of a review of our decision, there is of course the possibility that our ruling on the jurisdictional question might not be sustained, in which event we feel that an expression of our views on the merits, which have been fully briefed and argued, might shorten the period dur-

ing which this litigation would be pending before the courts.

■ On the jurisdictional question we hold that the district court was without jurisdiction to adjudicate the claims asserted in the amended complaints. Sec. 2680(a) of the Federal Tort Claims Act reads:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

We think that the allegations in the complaints herein bring them within both provisions of the exception hereinbefore quoted.

Under Sec. 703 of the Migratory Bird Treaty Act, 16 U.S.C.A. § 703 et seq., it is unlawful to hunt or kill migratory birds except as permitted by regulation, and Sec. 704 provides that the Secretary of Interior is authorized and directed to determine when, to what extent if at all, and by what means it is compatible with the terms of the conventions between the United States, Great Britain and the United Mexican States to allow hunting and killing of migratory birds.

Congress has denied jurisdiction to the district courts for the adjudication (1) of any claim based upon an act or an omission of a government employee, exercising due care, whether or not the statute or regulation is valid, and (2) of any claim based upon the performance or failure to perform a discretionary function or duty on the part of a government agency or employee, whether or not the discretion involved be abused.

Plaintiffs' theory is that the United States, having assumed the protection of migratory birds, pursuant to treaty and statute, is responsible for their depredations, and is in effect the insurer of crops against all damage caused by such birds. But the Federal Tort Claims Act covers "injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment * * *." An analysis of the complaints reveals that plaintiffs are in reality charging negligence of the United States acting through Congress, rather than any lack of due care by an employee of the United States. The allegations of the complaint mean no more than that Congress, in prohibiting the hunting of migratory wild fowl, including geese, was negligent in not also providing for the protection of crops which such wild fowl might eat or destroy. The only charge among all those which plaintiffs make that could possibly be construed as charging an employee with negligence is: "Defendant's action in 1946 in keeping the geese stirred up by the use of aircraft, flares, explosives, bombs, etc. caused damage to plaintiffs which otherwise would not have resulted except for defendant's wrongful acts." While this charge seems directly contrary to plaintiffs' complaint that defendant was at fault for not driving the geese to some other area, it should be noted that it contains no allegations that in so doing the employees of the federal government were not in the exercise of due care. It is our opinion that the acts and omissions complained of were in the execution of statutes and regulations. Hence the complaints fall within the first exception stated in Sec. 2680(a).

In the light of the Migratory Bird Treaty Act and the regulations promulgated thereunder, all of the acts or omissions charged on the part of employees of the federal government were in the execution and performance of a duty, discretionary or otherwise, imposed by law, so that the complaints herein also fall within the second exception of Sec. 2680(a).

■ In determining whether migratory birds might be hunted and killed in any particular year, the Secretary of the Interior performs a discretionary function. In interpreting a similar exception in the

**620**

Administrative Procedure Act, this court in Lansden et al. v. Hart, U. S. Attorney, et al., 7 Cir., 180 F.2d 679, 683, held that such determinations were discretionary. Here no allegation of negligence was charged to any particular employee of the federal government; likewise there is no allegation that any government employee failed to exercise due care in carrying out the determinations made by those granted the discretionary function. It seems clear that the district court properly determined that the discretionary function exception in Sec. 2680(a) was applicable.

Affirmed.