## TOLEDO v. UNITED STATES.

### Civ. No. 5794.

United States District Court
D. Puerto Rico, San Juan Division.
March 13, 1951.

Cordova & Gonzalez, San Juan, P. R., for plaintiff.

United States Attorney, San Juan, P. R., for defendant.

ROBERTS, District Judge.

This is an action for damages brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680. Plaintiff, on March 12, 1949, for the purpose of attending an athletic contest being conducted nearby, drove his automobile into the grounds of the United States Experimental Station at Mayaguez, Puerto Rico, and proceeding to an area therein used for the parking of automobiles, parked his automobile under and close to a large tree. The parties, at the opening of trial, stipulated that the land upon which the tree stood and the plaintiff's automobile was parked was under the control of the Experimental Station; that the Experimental Station is an agency of the United States Department of Agriculture; and, that the tree fell upon and crushed the automobile of plaintiff.

The Experimental Station is an establishment whereat research and experimentation with tropical plants is carried on for and on behalf of the United States Department of Agriculture. The tree, which fell upon the plaintiff's automobile, is a Venezuelan tree commonly known as an "ear tree". It is one of four or five such trees which have been planted at the Experimental Station over a period of years in the course of such experimentation. After the tree had fallen it was examined by the Director of the Experimental Station and by a plant physiologist there employed, and was found to be diseased, the condition being described as "heart-rot". Internally the trunk was seriously infected and a substantial portion thereof had rotted away, but the bark and a layer of wood beneath the bark was alive and some of the smaller topmost branches had started to leaf out. As of the time it fell, the tree was alive and exhibited no external signs of its diseased condition although, as a result of such condition, it had been weakened structurally.

840

At the conclusion of trial, defendant moved orally that the complaint be dismissed, asserting as grounds therefor that, among other things, plaintiff's claim is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty within the meaning of subsection (a) of Section 2680 of the Act, and that, this court is, therefore, without jurisdiction in the premises. Section 2680 of the Act provides that the provisions thereof shall not apply to— "(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

■ Section 2680 is definitive of the jurisdiction of the court to entertain suits under the Tort Claims Act. See Sickman v. United States, 7 Cir., 184 F.2d 616, 619. A claim based upon or rising out of any of the exceptions set forth therein is not within the waiver of immunity to suit contemplated by Congress when it enacted the Tort Claims Act, and with respect to suits predicated upon such claims, the courts are without jurisdiction. Plaintiff contends that, with respect to determining whether a claim is based upon a discretionary function or duty within the meaning of subsection (a), the rule of liberal construction prevails. And it is true that the Supreme Court, in its most recent pronouncement with respect to the construction to be given the Act has said that the scope of the Act is not to be restricted by refinement of construction. United States v. Yellow Cab Co., 340 U.S. ——, 71 S.Ct. 399. See also United States v. Shaw, 309 U.S. 495, 501, 60 S.Ct. 659, 84 L.Ed. 888. But this does not mean that the exceptions contained in Section 2680, which are restrictive of the scope of the Act, are to be nullified through liberality of construction for, in enacting these exceptions, Congress was specifying clearly instances in which it did not intend to waive the immunity of the Government to suit.

In Coates v. United States, 8 Cir., 181 F.2d 816, the Court of Appeals for the Eighth Circuit rejected a contention that the words "discretionary function or duty" were used by Congress in enacting subsection (a) of Section 2680 either loosely or as a term of generality. That court said: 181 F.2d at page 818. "That the Congress very deliberately used the words 'discretionary function or duty' in the Exceptions to the Act with the intent that they should convey the same meaning traditionally accorded by the courts and to continue to exclude judicial authority from interference with lawful legislative and executive action is shown in the legislative history of the Act."

The court then quotes from the printed Hearings on the changes made in H.R. 5373 by H.R. 6463, 77th Congress, 2d Session, January 29, 1942, page 44, as follows: "It is neither desirable nor intended that the constitutionality of legislation, the legality of regulations, or the propriety of a discretionary administrative act, be tested through the medium of a damage suit for tort." (Emphasis supplied)

In the instant case then, the controlling question is whether the claim of plaintiff is based upon an exercise of, or a failure to exercise, a discretionary function within the meaning of sub-section (a) of Section 2680. And considering that the words "discretionary function" were used by Congress in the legal sense generally accorded them, the court holds that that question must be answered in the affirmative.

It is clear that the very purpose for which the United States Department of Agriculture maintains and operates the Experimental Station is that reliable information might be accumulated with respect to the adaptability and usefulness of various tropical plants in Puerto Rico, through an adequate program of research and experimentation. The tree involved in the instant case was planted and raised in the course of such experimentation along with other trees of the same species. While there was a paucity of testimony particularizing the experimentation conducted with respect to this specific tree, the only reasonable conclusion that can be drawn from the uncontradicted testimony of the Director of the Station and the plant physiologist

there employed, is that this tree was included in the experimental plantings and was a subject of the research there being conducted. That being so, the course to be pursued in experimenting with this tree was a matter peculiarly within the discretion of the appropriate employees of the Station. And determinations to be made with respect to continuing or terminating such experimentation and as to how long such tree should be preserved for experimentation or when it should be removed and destroyed, are precisely the kind of discretionary functions that Congress intended should not be made the basis for actionable claims under the Tort Claims Act, an intention made manifest by its enactment of subsection (a) of Section 2680. And it is clear, of course, in view of the language of subsection (a), that even if the discretion involved be abused, no action may be maintained on a claim based upon such abuse of discretion.

■ The contention of plaintiff that the words "discretionary function" are not to be so construed as to bring every act of an employee of the government, in which some discretion or judgment was or was not exercised, within the exception is argument consistent with the conclusion reached in the instant case. It is conceded that such a construction would serve to defeat the purpose for which the Federal Tort Claims Act was enacted. But, however difficult it may be to delineate in particular circumstances, there is a line of demarcation between situations involving discretionary functions as contemplated in the exception and the discretionary election to do or not to do some specific thing which is present in most, if not all, tortious acts. For, while Congress, in enacting the Tort Claims Act, intended to waive immunity of the Government to suit with respect to tortious acts of government employees when those actions are within the purview of the Act, it is also clear that Congress intended, in enacting subsection (a) of Section 2680, that such waiver of immunity was not to be extended to claims based upon actions of Government officials which, in their nature, are governmental and require an exercise of discretion or judgment.

A lucid analysis of what Congress intended when it used the words "discretionary function or duty" in the Act and which, renders unnecessary any further discussion of the point here, is to be found in Coates v. United States, supra, where the court said: 181 F.2d at pages 817–818. "The appellants have contended that the words 'discretionary function' in the Exceptions to the Act are so elastic that the court may and should construe them so as not to include the changing of the Missouri here charged to have been negligently done in the course of some twenty years of governmental project development, but the cases cited for the government clearly establish that the term 'discretionary function or duty' has a long history of precise meaning in a legal sense and there is nothing in the Federal Tort Claims Act to indicate that the criteria for distinguishing a discretionary function from administrative action or performance of an identified task or job of work, shall differ from that employed in other contexts. The Congress had a sound basis for the use of the words in the Exceptions of the Act and used them in recognition of the separation of powers among the three branches of the government and the considerations of public policy which have moved the courts to refuse to interfere with the actions of officials at all levels of the executive branch who, acting within the scope of their authority, were required to exercise discretion or judgment."

The instant case is suggestive of circumstances which would serve to indicate when the provisions of subsection (a) of Section 2680 would not be applicable. A different conclusion might well have been reached if, in the instant case, it has been decided to terminate experimentation and remove the tree and, during the course of such removal, by reason of negligence on the part of an employee of the United States, the tree had been permitted to fall upon the plaintiff's automobile. For, under those circumstances, the discretionary function within the contemplation of the exception would have been exercised in making the decision to terminate experimentation and to remove the tree. Then,

the task of removing the tree would have been, at most, consequential to an exercise of the discretionary function, and whatever discretion or judgment should have been exercised in order to remove the tree in a non-negligent manner could hardly be deemed a discretionary function within the meaning of the exception. That this is so appears to be implicit in the decisions in Sickman v. United States, supra, 184 F.2d at page 620, and in Coates v. United States, supra, 181 F.2d at pages 819–820.

However, no such question is presented in the instant case. Here, it is clear that the claim of plaintiff is based upon action or non-action with respect to experimentation and research being conducted at the Experimental Station, that is, upon the exercise or failure to exercise a discretionary function or duty within the meaning of subsection (a) of Section 2680 of the Act, and this court is, therefore, without jurisdiction to entertain this suit.

Motion of defendant to dismiss the complaint for want of jurisdiction is granted.