## HERNANDEZ et al. v. UNITED STATES.
### Civ. 1028.

United States District Court
D. Hawaii.

June 3, 1953.

Hyman M. Greenstein, Honolulu, Hawaii, for plaintiff.

A. William Barlow, U. S. Atty., District of Hawaii, Honolulu, Hawaii, Winston C. Ingman, Asst. U. S. Atty., District of Hawaii, Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

This is an action for damages brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680. The complaint alleges that, prior to September 16, 1950, the employees of the United States erected a road block or obstruction across John Rodgers Road at a point intersecting a runway of Hickam Field, a United States military airfield. It is alleged that John Rodgers Road is under the exclusive control of the United States and open to public travel. On September 16, 1950, the plaintiff, while a passenger on a motorcycle, was injured when the motorcycle was forced to run off John Rodgers Road to avoid hitting the road block. The action is based on the alleged negligence of the United States by its employees in obstructing John Rodgers Road "without proper warning signal, sentries or guards, protection or anything else to indicate danger or give notice to travelers or passers along said highway against accidents."

The United States has entered a motion to dismiss on the ground of lack of jurisdiction over the subject matter. Reliance is placed on 28 U.S.C.A. § 2680, which provides in part as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim * * * based upon the exercise or performance or the

failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The Government contends that the erection of the road block in question and the placing of warning signals and guards are discretionary functions or duties of the employees of the United States charged with the administration of Hickam Field.

■ "Section 2680 is definitive of the jurisdiction of the court to entertain suits under the Tort Claims Act." Toledo v. United States, D.C.D.Puerto Rico 1951, 95 F.Supp. 838, 840. Consequently, if the subject matter of the complaint in question fall within exception (a) of Section 2680, this Court has no jurisdiction to adjudicate the claim.

Congress has not defined the vague phrase "discretionary function or duty" in the Act. Legislative history is of little assistance. Judicial inconsistency and confusion pervade this area of federal tort liability. See Note, 66 Harvard Law Review 488 (1953). However, in this case, this Court finds it unnecessary to label the pertinent governmental function or duty either discretionary or nondiscretionary.

Like this Court, other federal courts must be aware of the words "performance" of "a discretionary function or duty" in subsection (a) of 28 U.S.C.A. § 2680. However, a line of federal cases holds that, once discretion is exercised and a decision made, there is duty on the part of government employees to proceed with due care. In Somerset Seafood Co. v. United States, 4 Cir., 1951, 193 F.2d 631, the plaintiff sought to recover for the loss of an oyster boat, alleged to have been stranded on a wreck of a ship which had been sunk by the United States in navigable waters. It was alleged that the loss was due solely to the negligence of the Government in creating and marking the wreck. The court held that the "discretionary function" exception of Section 2680 was not applicable since the Wrecks Act, 33 U.S.C.A. §§ 409, 736, 14 U.S.C.A. § 86, made it mandatory for the United States to mark or remove

the wreck. However, Judge Dobie further stated in 193 F.2d at page 635:

"In addition to this, we think that, even if the decision to mark or remove the wreck be regarded as discretionary, *there is liability for negligence in marking after the discretion has been exercised and the decision to mark has been made.* There is certainly no discretion to mark a wreck in such way as to constitute a trap for the ignorant or unwary rather than a warning of danger." (Emphasis added.)

The above quotation may be obiter dictum, but it is sound and equitable in the opinion of this Court.

In Dishman v. United States, D.C.D.Md. 1950, 93 F.Supp. 567, the plaintiff sustained personal injuries when a doctor employee of a Veterans' Administration hospital erroneously poured carbolic acid in his ear while undergoing treatment. In concluding that the "discretionary function" exception of Section 2680 did not apply, Judge Chesnut stated in 93 F.Supp. at page 571,

"This is not a case in which in the exercise of discretion or judgment the officials of the Veterans Hospital declined to give the plaintiff treatment, but it is a case *where having exercised their discretion to give the treatment, in accordance with the applicable regulations, the treatment given was negligent.*" (Emphasis added.)

Costley v. United States, 5 Cir., 1950, 181 F.2d 723, similarly holds that, after the proper authorities exercise their discretion to admit dependents of members of the armed forces to a military hospital, they are entitled as patients to be treated with due and reasonable care, skill, diligence and ability.

■ Although exception (a) of Section 2680 clearly includes the *performance* of a discretionary function or duty, the above authorities have judicially construed the statute to exclude from this exception negligent performance after discretion has been exercised. What the "discretionary function" exception really means is not crystal clear. The six circuit judges sitting in the Texas City disaster cases were

not in agreement. In re Texas City Disaster Litigation, 5 Cir., 1952, 197 F.2d 771, certiorari granted Dalehite v. United States, 1952, 344 U.S. 873, 73 S.Ct. 166. Until a definitive construction of exception (a) issues from the Supreme Court, this Court is persuaded by the pronouncements of Judges Dobie and Chesnut.

Applying the reasoning of the Somerset Seafood Co., Dishman and Costley cases, this Court concludes that exception (a) of Section 2680 is not applicable in this case. It may be assumed arguendo that the erection of a road block is a discretionary function. However, after having exercised its discretion to erect the road block, the Government had the absolute duty to properly and adequately warn passers along the road of the hazard created. There is certainly no discretion not to warn the foreseeable motoring public of the danger ahead. The allegations in the complaint are sufficient to confer jurisdiction on this Court to adjudicate the claim.

The motion to dismiss is denied.