**NEW YORK MERCHANDISE CO., Inc., Royal Insurance Company, Ltd., Brady Realty Company, and Mercury Insurance Company,**

v.

**UNITED STATES of America.**

**Civ. A. No. 5457.**

United States District Court
N. D. Texas, Dallas Division.

May 28, 1954.

Thompson & Coe and Ellsworth A. Weinberg, Dallas, Tex., for plaintiffs.

Heard L. Floore, U. S. Dist. Atty., Fort Worth, Tex., and John C. Ford, Asst. U. S. Dist. Atty., Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The owners of the buildings adjacent to the Santa Fe Building in Dallas, Texas, which latter building belongs to the United States, sue for $189,000 because of alleged injury to the buildings allegedly caused by the negligence of the United States in not giving proper attention to its own building and allowing heavy objects, bricks, etc, therefrom to fall upon such adjacent buildings. The action is brought under the United States Tort Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

It may be shortly answered to the plaintiffs' appeal to the court for relief and damages that the Tort Act contains certain exemptions from federal responsibility, which exemptions are photographed in the following quotation:

"The provisions of this chapter * * * shall not apply to (a) any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution

of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680.

Applicable decisions under this provision are found in Toledo v. United States, D.C., 95 F.Supp. 838; Coates v. United States, 8 Cir., 181 F.2d 816, 19 A.L.R.2d 840. Also, Hernandez v. United States, D.C., 112 F.Supp. 369; Harris v. United States, 10 Cir., (Thomas v. United States, and Ellis v. United States) 205 F.2d 765, and Dalehite v. United States, 345 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

So, no decision can be appropriately rendered upon this motion unless the facts disclose proper actions by the superintendent of the building which show him outside of this exemption, and up to the present time such disclosures are being sought.

Motion for judgment must, therefore, be overruled at the present time.