

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 13, 1973

The Honorable Clayton T. Garrison
Executive Director
Texas Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Dear Mr. Garrison:

Opinion No. H- 150

Re: State and federal
authority under the
Migratory Bird Treaty
Act, 16 U.S.C. §§703,
et seq.

You have requested our opinion concerning the jurisdiction of the Secretary of the Interior and the Texas Parks and Wildlife Department over migratory birds. Specifically, you ask:

"Does the Secretary of the Interior by virtue of the Migratory Bird Treaty, the Migratory Bird Treaty Act, and resulting regulations have authority to close St. Charles Bay to the hunting, taking, capturing or killing of migratory birds?"

You indicate that the "opinion is requested in order to ascertain the jurisdiction of the Department [of Parks and Wildlife] in that portion of St. Charles Bay which has not been closed by previous action of the Secretary of the Interior."

At our invitation, the Secretary of the Interior has submitted a brief on this question. By way of factual background, he indicates that:

" . . . St. Charles Bay is a finger of the Gulf of Mexico extending into the midst of the Aransas National Wildlife Refuge. The refuge is, among other things, the only wintering area for whooping cranes, which, in addition to being migratory birds, are listed as a rare and endangered species. These birds move back and forth across the bay and are threatened with accidental destruction from hunting as well as being frightened and disturbed

p. 701

by the noise and activity normally associated with
hunting. Closing certain areas of the bay was seen
as a necessary measure to protect these birds."

The United States has executed conventions with Great Britain
(August 16, 1916), 39 Stat. 1702, and Mexico (February 7, 1936), 50 Stat.
1311, for the protection of migratory birds. Pursuant to those treaties,
the Congress enacted and later reaffirmed the Migratory Bird Treaty
Act, 16 USC §§ 703 et seq., which makes it unlawful to pursue, hunt, take,
capture or kill any migratory bird except as permitted by regulations
adopted by the Secretary of the Interior. The Secretary has designated
part of St. Charles Bay as a closed area in which hunting is not permitted.
21 Fed. Reg. 6513 (1956).

It has long been settled that the enactment of the Migratory Bird
Treaty Act was within the power of Congress. Missouri v. Holland, 252
U.S. 416, 40 S. Ct. 382 (1920). Therefore, the Act and the regulations pro-
mulgated under it are superior to any conflicting law of this State. U.S.
Constitution, Article 6, cl. 2. The Secretary of the Interior has broad
discretion under the Act. See Sickman v. U.S., 184 F. 2d 616 (7th Cir. 1950)
cert. denied 341 U.S. 939, 71 S. Ct. 999 (1951); Lansden v. Hart, 180 F. 2d
679 (7th Cir. 1950) cert. denied 340 U.S. 824, 71 S. Ct. 58 (1950).

The Act does permit concurrent regulation by the State so long as the
state laws and regulations are not inconsistent with federal law or provide
additional protection to migratory birds. 16 USC§ 708. See Uniform Wildlife
Regulatory Act, Art. 978j-1, V. T. P. C.

Therefore, in answer to your question, it is our opinion that the Secretary
of the Interior may close all or part of St. Charles Bay to hunting. The Texas
Parks and Wildlife Department may regulate areas over which the Secretary
has not asserted jurisdiction and also may regulate areas the Secretary has
closed if its regulations are consistent with the Secretary's or provide additional
protection to migratory birds.

## SUMMARY

The Secretary of the Interior has authority under the
Migratory Bird Treaty Act to prohibit hunting in all or part

of St. Charles Bay. The Texas Department of Parks
and Wildlife may promulgate and enforce rules and
regulations over portions of the Bay in which the
Secretary has not asserted jursidiction. It may
regulate portions of the Bay covered by the federal
proclamation so long as the state regulations are
consistent with the federal regulations or provide
additional protection to migratory birds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee