## CANNON v. UNITED STATES et al.
### No. 27473.

United States District Court,
N. D. California, S. D.

April 8, 1949.

Hallinan, MacInnis & Zamloch and Ralph Wertheimer, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, United States Attorney, San Francisco, Cal., for defendant United States.

GOODMAN, District Judge.

This suit is one under the Tort Claims Act, 28 U.S.C.A. § 921 et seq., 1948 Revision, 28 U.S.C.A. § 2671 et seq.

The Court has had under advisement the motion of the United States for dismissal

made at the conclusion of the plaintiff's case.

The facts are that plaintiff was a civilian medical secretary or clerk employed in the De Witt General Hospital at Auburn, California, operated by the Medical Department of the War Department. On June 14, 1945, while she was such employee, Colonel William Smith, commanding officer of the hospital, arranged for her to be operated upon in the Army Hospital for varicose veins in her legs, a disease or ailment with which she had been afflicted for some time, and which was in no way caused or contributed to by her employment. The operation was performed by Dr. E. Wm. Rector and she received post-operative treatment from both Dr. Rector and Dr. Norman Freeman, chief of the vascular section of the Hospital.

Plaintiff contends that the operation was negligently performed and resulted in infection of the wound, and that such negligence, contributed to by negligence in the treatment of the wound thereafter, caused the infection to develop into a phagedenic ulcer, a rare and unusual disease. There is no doubt that the infection and resulting phagedenic ulcer have not been healed and that plaintiff has undergone great suffering due to a series of operations and that she has been disfigured, and that her condition, in all probability, is permanent. She seeks damages against the United States in the sum of $100,000. The evidence, without a doubt, discloses that the damage is great, and, if the liability of the United States is established, an award of the amount prayed for would not be excessive.

The main question presented by the motion to dismiss is whether, assuming negligence of the attending physicians, the United States is liable.

By Section 1346 of 28 U.S.C.A., Federal Tort Claims Act, the United States waives its sovereign immunity to suits for damages for personal injuries "caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

By Section 2671, members of the military and naval forces of the United States are declared to be within the term "employee of the government," and in the case of the members of the military and naval forces, the term "acting within the scope of his office or employment" is declared to mean "acting in line of duty."

In waiving its sovereign immunity and consenting to be sued, the United States fixed and bounded the area of its liability. And its liability, as so fixed, cannot, under any equitable or quasi-equitable theory, be extended beyond the stated limits. By this statute, the United States consents to be sued (1) in cases of negligence of employees "while acting within the scope of his office or employment" and then only (2) if besides, the circumstances are such that a private person would be liable under the law of the place where the act or omission of the employee occurred. Cerri v. United States, D.C., 80 F.Supp. 831. United States v. Campbell, 5 Cir., 172 F.2d 500.

The first question to be considered is therefore, what was the "scope of authority" or "line of duty" of the Commanding Officer and the physicians who attended Miss Cannon.

Army Regulation #40-590 promulgated by the War Department August 29, 1944, and in force at the time of the occurrence of the acts alleged in the complaint, prescribed and classified the persons who are entitled to receive treatment and hospitalization in Army Hospitals.

Miss Cannon was not within any classification of persons who were entitled to receive treatment and hospitalization in Army Hospitals. In particular, she was not within any class of civilian employees entitled to receive such treatment in Army Hospitals. Those performing the duties performed by her, were not, by the regulations, admissible to the hospital for treatment or operation or medical attention. All that the evidence showed in this case, according to the testimony of the plaintiff, is that Colonel Smith, upon plaintiff's request that she be given a leave of absence so that she

could go to a civilian hospital to have her varicose veins treated, urged and prevailed upon her to remain at the De Witt Hospital and be operated upon there, so that she would be more readily available for duty after the operation. Plaintiff testified that her services were badly needed in the Hospital and that it was for that reason that Colonel Smith urged here to have the operation there and so arranged for it. That Colonel Smith had no authority under the regulations to tender and perform the medical services, furnished and given to the plaintiff, and also that he had no authority to offer the services of the Hospital to Miss Cannon, is not and was not subject to dispute.

■ There is no question but that the Government of the United States acts only through its agents with power delegated and defined by statute or regulation, which all who deal with such persons are presumed to know. The United States can be bound only by agents acting within the scope of the authority delegated to them. Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607; Wilber Nat. Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10, 175 A.L.R. 1075; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791; Roth v. Hood, 6 Cir., 106 F.2d 616; Farm Security Administration v. Herren, 8 Cir., 165 F.2d 554.

■ Certainly a private hospital corporation would not be liable, if an interne or resident doctor employed to treat patients regularly admitted to the hospital caused or induced a third party to be operated upon and receive hospitalization without cost or expense to such person, and then negligently treated such person. For in such a case, such acts would not be within the scope of employment under the laws of California. So here the United States cannot be held responsible for the act of a doctor in an Army Hospital who, without any authority and acting clearly beyond the scope of his authority in line of duty, caused to be extended to a person not entitled thereto, services of doctors who were employees of the United States and the services and facilities of a hospital owned and operated by the United States.

It is contended by the plaintiff that the Commanding Officer of the Hospital, in admitting plaintiff to the Hospital and causing medical and hospital services to be extended to her, in fact acted within the scope of his employment because he admitted her to the Hospital as a civilian entitled to treatment, even though he acted erroneously. Having admitted her, counsel says, upon such mistake in fact, the United States nevertheless became bound. However, as previously pointed out, the authority of employees of the United States is defined by statute or rule and all persons dealing with such employees do so at their peril as to the extent of the authority of such employees. See Hawkins v. U. S. and other cases cited supra.

■ It is also contended by the plaintiff that even though her admission to the Hospital was an act beyond the scope and authority of the Commanding Officer, there is still responsibility on the part of the United States because of the fact that plaintiff was a licensee, if not an invitee, on the hospital premises. California case citations urged in support of this contention, however, are not in point for they all involve negligent acts of persons acting within the scope of their employment, or involve physicial conditions resulting from negligence of agents acting within the scope of their authority. Licensees as well as invitees are not protected against negligent acts of employees acting beyond the scope of their authority or employment.

■ Some point is also made that the services extended to plaintiff were in a sense for the benefit of the government because of the need of her services at a time of difficulty in obtaining trained medical secretaries and hence there is a consequent responsibility of the United States for the injuries suffered by the plaintiff. However there is no known doctrine by which responsibility or liability is imposed upon the United States because of any benefit to it, nor does responsibility ensue as a result of estoppel, or like equitable theory.

Since the officers and employees of the United States here clearly and admittedly

acted beyond the scope of their authority, there can be no liability under the Federal Tort Claims Act. While I base decision upon that ground, there is also no doubt in my mind that the evidence adduced is of such a nature that I would be compelled to make a finding, if the issue were reached, that plaintiff's injury and damage were not the result of or caused by any negligence or malpractice on the part of the operating or attending physicians.

Motion for judgment of dismissal will be granted. Present findings pursuant to the Rules.