## JONES et al. v. UNITED STATES.
### Civ. A. No. 899.

United States District Court
S. D. Iowa, Central Division.

Dec. 7, 1949.

Verlin W. Cubbage, Des Moines, Iowa, for the plaintiff Jones Dairy.

William R. Sheridan, Asst. U. S. Atty., Keokuk, Iowa, and William R. Hart, U. S. Atty., Iowa City, Iowa, Cloid I. Level, Asst. U. S. Atty., Des Moines, Iowa, for the United States.

SWITZER, District Judge.

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the 3d day of December, 1949, on a motion by the Government to dismiss the petition of the plaintiff herein.

Argument was had and the matter was fully presented, and, the court being advised in the premises, finds:

That the claim of the plaintiff set forth in the petition and amendment to petition invokes the jurisdiction of the court under Section 1346(b) and Section 2671, et seq., Title 28 U.S.C.A.

The Government contends in its motion to dismiss that the action is based upon contract and that the United States cannot be held liable for breach of a contract because of the effect of an Executive Order, issued in the exercise of the sovereign power of the United States, citing therefor, J. B. McCrary Co. v. United States, 84 F.Supp. 368, 114 Ct.Cl. 12. Even if it could be construed that this cause is based upon a breach of contract under some other permissive act of Congress, which this court has specifically found that it was not, still there could be no recovery here for the reasons announced by the court in the McCrary case, supra, and found on page 370 of 84 F.Supp. of that opinion.

Confining, therefore, our consideration of the present case as one sought to be enforced under the provisions of the Federal Tort Claims Act, I am convinced that that Act does not embrace plaintiff's claim. This is an action against the United States for damages based on an alleged breach of a contract which plaintiff claims it had with the Veterans Administration to supply

milk and cream and that it suffered loss by reason of the dissolution by the Government of the OPA controls and its subsidies and the increased wages allotted to dairy laborers under the Wage Stabilization Act.

In Cannon v. United States, D. C., 84 F.Supp. 820, 821, in discussing the Federal Tort Claims Act, the court stated: "In waiving its sovereign immunity and consenting to be sued, the United States fixed and bounded the area of its liability. And its liability, as so fixed, cannot, under any equitable or quasi-equitable theory, be extended beyond the stated limits." See also, Kendrick v. United States, D. C., 82 F. Supp. 430, 432.

This view, it seems to the court, is the correct one to be followed in the instant case.

Further, the Government claims, and I think rightly, that the claim set forth in plaintiff's petition comes squarely within the exception contained in Section 2680(a), Title 28 U.S.C.A., which provides: "(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

And in an action against the United States based on a breach of a contract, which the facts showed did not exist, no relief could be granted the plaintiff under the Federal Tort Claims Act. Fulmer v. United States, D. C., 83 F.Supp. 137, 145.

From a reading of the repetitive history surrounding the drafting and passage of the so-called Federal Tort Claims Act as appears in the many cases examined by the court, it is obvious that each of the exceptions noted under Section 2680, of which the quoted exception above is one, were deliberately and carefully worded by the Congress in such a way as to prohibit the maintenance in the Federal courts of any action not sounding in tort, under this Act, whether based upon sound morals and equitable grounds or not.

The motion of the Government to dismiss therefore should be, and the same is, hereby sustained and plaintiff's petition is ordered dismissed. Plaintiff excepts.