**WESTERN MERCANTILE CO. v. UNITED STATES.**

No. 7765.

United States District Court
W. D. Missouri, W. D.

April 27, 1953.

Spencer, Fane, Britt & Browne, Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., Fred L. Howard, Kansas City, Mo., and William Aull, III, Asst. U. S. Attys., Lexington, Mo., for defendant.

REEVES, Chief Judge.

Whether the defendant should have interposed a motion for a summary judgment or a simple motion to dismiss is immaterial. In the case of Coates v. United States, 8 Cir., 181 F.2d 816, 19 A.L.R.2d 840, a like case, the question as to the jurisdiction of the court arose on a simple motion to dismiss. Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A., is sufficiently broad to justify a challenge to the jurisdiction of the court, as in this case.

The plaintiff has sued the Government under the now well known tort claims act for alleged damages accruing to it by reason of the floods of the Kansas River on or about July 9, and following days, 1951. The basis of the claim is that the Army Engineers and the Weather Bureau of the Government "disseminated misinformation and failed to disseminate accurate and reliable information with respect to the course and actions of the waters of said Kansas River, and particularly disseminated assurance and information to the public, including plaintiff, that said Kansas River would not overflow the banks, dikes, and levees in the Central Industrial District of Kansas City, Missouri, wherein plaintiff's said property was located."

Because of this asserted misinformation it is claimed plaintiff suffered damages to its property in the sum of $200,000. It seeks recovery of such loss from the Government because of the alleged negligence of the Government's agents, as above stated.

1. The action is brought pursuant to the provisions of section 2674, Title 28 U.S. C.A. This section is comparatively new, having been enacted approximately five

years ago. Its pertinent provisions are as follows:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, * * *."

Whether the Congress opened the door for the maintenance of tort claims against the Government in its sovereign capacity need not be discussed. Moreover, the Court of Appeals for the 5th Circuit, In re Texas City Disaster Litigation, 197 F.2d 771, loc. cit. 778, said:

"The Act did not adopt the old distinction between Governmental activities of a sovereign nature and those of a proprietary nature."

Let it be assumed, therefore, that this distinction was abolished.

2. However, the Congressional Act, section 2680, Title 28 U.S.C.A. appended exceptions in favor of the Government and against liability under named conditions, as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

This rule undoubtedly followed the very famous case of Marbury v. Madison, 1 Cranch 137, loc. cit. 170, 2 L.Ed. 60, and many other cases of like import.

The only question, therefore, for decision here is whether the agencies of the Government charged with negligence were performing a discretionary function.

3. Section 706 Title 33 U.S.C.A. apparently resolves the question here presented clearly and precisely. Such section contains a recital that a fixed sum of money was to be appropriated each year "for flood control by the United States, for the establishment, operation, and maintenance by the Weather Bureau of a current information service on precipitation, flood forecasts, and flood warnings, *whenever in the opinion of the Chief of Engineers and the Chief of the Weather Bureau such service is advisable in connection with either preliminary examinations and surveys or works of improvement authorized by the law for flood-control purposes,* * * *." (Emphasis mine.)

 Quite clearly the statute itself created agencies accused of negligence with a designated function and in so doing now brings the case within the exception mentioned in the statute, namely 2680, supra. Moreover, experience has taught, and it undoubtedly is a matter of common knowledge, that no one in the Kansas City area can accurately forecast either the extent of precipitation, or floods.

It would follow that the motion of the defendant for a summary judgment should be sustained for the reason that by express statute the court is without jurisdiction.