## MID–CENTRAL FISH CO. v. UNITED STATES.

### No. 7764.

United States District Court
W. D. Missouri, W. D.

May 25, 1953.

Byron Spencer and William H. Woodson, Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., Kansas City, Mo., William Aull, III, Lexington, Mo., and Fred L. Howard, Asst. U. S. Attys., Kansas City, Mo., for defendant.

RIDGE, District Judge.

Plaintiff seeks recovery under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., against the United States, on a complaint which charges that defendant, through its employees and officers, acting within the scope of their employment, pursuant to duties imposed by various laws, rules and regulations, and by long-established custom and practice, have been directed and undertaken to accumulate, collect, analyze, forecast and disseminate information to the public, including plaintiff, concerning weather and flood condi-

tions; that in violation of the duties so imposed on such employees and officers, misinformation regarding flood conditions existing immediately prior to the Kansas City Flood of July 13, 1951, was negligently collected, analyzed and disseminated by them generally and particularly to the plaintiff; as a result plaintiff was lulled into a false sense of security, so that its property was inundated and damaged by flood waters as a direct result of said negligence.

Before answer, defendant has moved for summary judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure, 28 U.S. C.A., on the ground that no genuine issue of fact is here involved, and that the Government is entitled to judgment as a matter of law perforce the provisions of the Federal Tort Claims Act. Thus, the applicability of said Act to the particular claim revealed in the complaint is presented to the Court for determination.

 It has long been a cardinal rule of Anglo-American jurisprudence that the sovereign cannot be sued without its consent. Being aware of the antique notion giving rise to the principle that "the king can do no wrong," and the manifold injustice in given cases which springs from the delimiting effect of that rule of governmental liability, the Congress of the United States saw fit to pass the so-called Federal Tort Claims Act. In so doing, it is apparent that the Congress did not abrogate in all respects the rule of sovereign immunity as previously applied, and, that it did not grant, or intend to grant, any new and novel causes of action enforceable against the Federal Government, but only waived immunity with reference to certain ascertainable tort claims, under circumstances which in the past gave rise to specific private liability. Cf. Feres v. United States, 340 U.S. 135, 141, 71 S.Ct. 153, 95 L.Ed. 152; In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771.

 Although Congress has provided in section 2674, Title 28, U.S.C.A. that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances," it is not thereby meant that federal liability is conditioned upon private liability under identical factual circumstances. Governmental liability may be imposed under the Act, even though private liability could never arise under identical factual situations due to the fact that the tortious discharge of purely sovereign, as distinguished from proprietary, functions is involved. Cf. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 383, 68 S.Ct. 1, 92 L.Ed. 10. The distinction which is to be drawn between legal and factual circumstances existing between the Government and its agents and those existing between the Government and third parties, constitutes the very foundation for the principle that no distinction is to be drawn between sovereign and proprietary functions of Government for purposes of ascertaining governmental liability under the Federal Tort Claims Act. Somerset Seafood Co. v. United States, 4 Cir., 193 F.2d 631; Cerri v. United States, D.C., 80 F.Supp. 831; also, "Problems under the Federal Tort Claims Act," by L. R. Yankwich, United States District Judge for the Southern District of California, 9 F.R.D. 143, 156, (and authorities cited therein.)

Let us concede in the instant case that the collection and dissemination of weather and flood data are governmental sovereign functions which a private citizen would never find himself discharging. Even though the question of private liability would, therefore, never arise under circumstances identical to those herein, that constitutes, in our view, no valid ground for denying recovery under the Act, as asserted by defendant. If it could be said that such information must, under Act of Congress, be collected and disseminated by certain governmental agencies for the benefit of individual citizens as distinguished from specified objects or purposes for which the Congress intended such service, it is not unreasonable to assert that the dissemination should be made with that degree of due care necessary to avoid damaging those for whose guidance the information was intended to be made available. If that were all that was the premise of the instant claim against the Government, then it would differ little from claims

applicable in a negligence action against a private employer for negligent misrepresentation of fact or deceiving another by an employee acting within the scope of his employment, knowing, or reasonably so, that the other person would rely thereon to his detriment. Cf. Restatement of Law, Torts, Section 311.

■ But before liability on the Government can be here predicated under the Federal Tort Claims Act, we have further problems to consider. First and foremost is whether the forecasting and dissemination of weather and flood conditions under Acts of Congress providing therefor is a duty assumed by the Government and owing individually to plaintiff; and, if so, whether it is a discretionary duty within the meaning of section 2680(a), Federal Tort Claims Act, supra. If we were convinced that plaintiff could claim a breach of duty specifically owing to it, and that such duty was not "discretionary" within the meaning of the Federal Tort Claims Act, then another question arises, i. e. whether the misinformation, misrepresentation, or misstatement of fact that is the gravamen of the instant claim falls within the ambit of sub-section (h) of section 2680, supra. These are questions of law which, we believe, may be resolved on the face of the instant complaint.

■ The rule of liberal construction is to be applied to exceptions contained in the Federal Tort Claims Act so as not to impose liability on the Federal Government in instances where it is apparent that Congress saved or reserved governmental immunity. Kendrick v. United States, D. C., 82 F.Supp. 430. However, the Act should not be so restricted by construction as to exempt the Government from liability for those torts as to which immunity has been waived. Cf. Toledo v. United States, D.C., 95 F.Supp. 838. As a consequence, we believe that before a plaintiff may resort to that Act it is incumbent upon it to establish in its complaint a clear right so to do. Here, plaintiff's complaint, in part, is premised on alleged breach of statutory duties by employees of the Government, said to have been imposed by the Congress for plaintiff's benefit. Although several

such departments are specifically named as being chargeable with that duty, research convinces, and we do not believe plaintiff will gainsay, that duties in respect thereto are only impressed upon the "Chief of the Weather Bureau" in the Department of Commerce, and "Chief of Engineers" of the Department of the Army, by Acts of the Congress. Fortifying authority is not essential to sustain the proposition that unless an "agency or employee" of the Government is "acting within the scope of his office or employment," section 1346 (b), Title 28, U.S.C.A., no liability under the Federal Tort Claims Act exists. The hypothesis of liability under that Act is premised in the principle of *respondeat superior,* cf. Sanchez v. United States, 10 Cir., 177 F.2d 452; Cannon v. United States, D.C., 84 F.Supp. 820, and it seems clear from the legislative history and provisions thereof that if duties of an "agency or employee" are not provided by law (i. e. Act of Congress or Departmental Regulation) volunteer action, or custom and practice of an agency or employee cannot be made the premise of a tort claim thereunder. Hence, the allegation in the complaint here, that by "long-established customs and practices" the Government has issued flood warnings and other weather information, cannot in our opinion be the premise of the claim asserted by plaintiff. Proof of custom is not permissible to enlarge the powers of public officers whose authority is defined by statute. 25 C.J.S., Customs and Usages, § 10, p. 92.

■ By chapter 9, Title 15 U.S. C.A., the Congress created "in the Department of Commerce a bureau to be known as the 'Weather Bureau.'" (Section 311, Title 15 U.S.C.A.) The duties imposed by the Congress upon the Chief of the Weather Bureau, and other employees thereof, is "the forecasting of weather, the issue of storm warnings, the display of weather and flood signals *for the benefit of agriculture, commerce, and navigation,* the gauging and reporting of rivers * * * *for the benefit of commerce and navigation,* the reporting of temperature and rain-fall conditions *for the cotton interests* * * * the distribution of mete-

orological information *in the interests of agriculture and commerce*". Section 313, Title 15 U.S.C.A. From the provisions of the Act establishing the "Weather Bureau" it is apparent that the Congress has and intended thereby to limit the purpose for which the "Weather Bureau" was established to specified objectives relating to "agriculture, commerce and navigation" generally. Nowhere in the scheme of the "Weather Bureau" is any duty imposed upon that agency or employees thereof to collect, analyze and disseminate flood and weather reports to or for the benefit of individual citizens. The purpose thereof being for specified objects, generally, we do not perceive how plaintiff herein can in anywise premise the instant tort claim on any breach of statutory duty individually owed to it by employees of the "Weather Bureau." It is axiomatic in tort law that where a statute creates a duty for the benefit, advantage, or protection of the public generally, a violation of such duty does not make an individual actor liable (cf. Rest. Torts. Sec. 288) and where a statute is for the benefit of a class, an injured person complaining of a neglect of the statutory duty, must, in order to maintain an action for damages, be a member of the class which the statute was enacted to protect. Cf. Union Pac. R. Co. v. McDonald, 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434; Randall v. Baltimore & O. R. Co., 109 U.S. 478, 3 S.Ct. 322, 27 L.Ed. 1003; 38 Am.Jur., Sec. 165, p. 835. It is likewise fundamental that the first requisite in establishing a claim for negligent failure to perform a statutory duty is to show the existence of such a duty which it is supposed has not been performed. There can be no negligence unless there is a duty which has been violated. As so aptly said in Cooley on Torts, (3rd Ed.) p. 1412:

"* * * In every case involving actionable negligence, there are necessarily three elements necessary to its existence. (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains: (2) a failure by the defendant to perform that duty: (3) an injury to the plaintiff from such failure of the defendant. When these elements are bound together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

In tort law, it is recognized that a duty may be general as owing to every one, or specifically owing to an individual. When a duty is owing to every one it cannot be made the premise of a tort claim until some individual is placed in a position to insist upon its performance. Then only does it become a duty to him personally. So here, the Congress established the "Weather Bureau" for specified purposes. Plaintiff by its instant complaint does not undertake to bring this tort claim against the Government within any of the categories for which that Bureau was so created. Its claim is for damage to property located at a private place of business. "Commerce" as contained in the "Weather Bureau" Act, is used in a most broad sense, to indicate trade, traffic, intercourse in business relations, and not the situs of business or the situs of objects used therein. Hence, the duties imposed upon employees and officers of that Bureau by the Congress are not such as would accrue to the protection of private business property generally, and we do not believe that failure on the part of employees of that office to perform duties imposed upon them by Congress can be the premise for a tort claim, such as here made, if based upon statutory breach of duty. Plaintiff's claim here, if plaintiff has a claim against the Government, can only be premised on a negligent breach of duty by employees of the Government acting in the due course and scope of their employment, for dissemination of misinformation, which under similar circumstances would make an individual employer liable under the doctrine of *respondeat superior*. To sustain said claim as a consequence of negligent breach of statutory duty on the part of employees of the "Weather Bureau", plaintiff must first establish statutory duties imposed on such employees which it has a right to insist upon being performed and which were not performed.

In the scheme of the "Weather Bureau" we cannot perceive, under the facts alleged in the instant complaint, how plaintiff can so premise the instant tort claim.

■■■ "In connection with the exercise of jurisdiction over the rivers of the Nation", the Congress has prescribed certain duties to be performed by the Chief of Engineers, Department of the Army. Chap. 15, Title 33 U.S.C.A. § 701 et seq. A detailed analysis of such duties is not here pertinent. Suffice it to say that by section 706 of Title 33 U.S.C.A., which reads in part as follows:

"There is hereby authorized an expenditure of not to exceed $375,000 per annum, from any appropriations heretofore or hereafter made for flood control by the United States, for the establishment, operation, and maintenance by the Weather Bureau of a current information service on precipitation, flood forecasts, and flood warnings, whenever in the opinion of the Chief of Engineers and the Chief of the Weather Bureau such service is advisable in connection with either preliminary examinations and surveys or works of improvement authorized by the law for flood-control purposes * * *."

is any statutory duty imposed on the Army Engineers in conjunction with the "Weather Bureau" to disseminate information relating to "flood forecasts, and flood warnings," and then only "in connection with either preliminary examinations and surveys or works of improvement authorized by the law for flood-control purposes". Notwithstanding the specific limitations for which "flood forecasts, and flood warnings" are authorized to be issued pursuant to that Act of the Congress, we do not believe that plaintiff here can premise a duty owing to it, by any employee of the Government, or by the Government, under facts revealed in the instant complaint. Even assuming that plaintiff might be brought within the ambit of that Act, and establish a duty owing to it, still plaintiff could not premise a tort claim thereon against the Government for apparently the duties thereby imposed on the Army Engineers and the Weather Bureau are "discretionary duties" falling within the exceptions to the Federal Tort Claims Act as set forth in section 2680(a), Title 28 U.S.C.A.

■■■ By the Federal Tort Claims Act the Congress has said that where a "federal agency or an employee" of the Government has been invested with discretion and is empowered to exercise this judgment in matters pertaining to the Government's business and undertakings, the Government will not be liable in tort to persons who may be injured as a result of an erroneous or mistaken decision of such agency or employee in the performance of said duties, no matter how erroneous his judgment may be and whether or not the discretion so reposed be abused. Thus, sovereign immunity from tort liability for a mistake in judgment of an agency or employee of the Government, whether such mistake is the result of negligence, or any other abuse of discretion, is not waived but extends to errors of judgment where discretion is involved, both as to matters of law and of fact. Therefore, where the question of the Government's liability in tort is premised on negligent misrepresentation or mistake on the part of an agency or employeee, clothed with discretionary duties to be performed on the part of the Government, it is not material whether the agency or the employee used reasonable care in ascertaining the facts on which such a judgment was founded, or whether they otherwise wrongfully abused the discretion reposed in them.

■■■ Broadly stated, a discretionary function or duty of an agency or employee of the Federal Government under the Tort Claims Act seems to us to be such as necessarily requires the exercise of reason in the adaptation of means to an end, discretion as to how, when, or where an act shall be done, and the course to be pursued in the attainment of Congressional programs. Cf. Coates v. United States, 8 Cir., 181 F.2d 816, 19 A.L.R.2d 840. Even when such discretion is abused, the Congress has said there will be no liability on the Government. Consequently, when such

discretion is reposed by the Congress in any "agency or employee" of the Government, we believe that all data of whatever kind or character coming to the knowledge of the "agency or employee" upon which its discretion and judgment is premised falls within the intendment of discretionary duties there excepted by the Congress. Thus, though an "agency or employee" of the Government may be negligent in accumulating data upon which a "discretionary duty" is performed, it would appear to fall within the ambit of the above exception. That Section 706, Title 33, U.S. C.A. invests the "Weather Bureau" and Army Engineers with discretionary duties, is made manifest from the wording of said section. Therefore, plaintiff here cannot under the facts alleged in the complaint premise any duty owing to it as a consequence of the discretion reposed in the Army Engineers and Weather Bureau, under the provisions of said section, so as to sustain the claim here made against the Government. Cf. Western Mercantile Co. v. United States, D.C., 111 F.Supp. 799, opinion by my esteemed colleague, Judge Reeves.

■ Furthermore, the Congress has specifically provided in the Flood Control Act, 33 U.S.C.A., Chap. 15, that "no liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place * * *." Section 702(c), Title 33 U.S.C.A. In light of that Congressional mandate, we do not believe that liability can be predicated on the Government for flood damage by way of a tort claim, though negligence of a Government employee may have entered into the proximate cause of such damage.

■ Another reason why plaintiff here cannot prevail is that the gravamen of plaintiff's claim is the negligent dissemination of "misinformation with respect to the course and actions of the waters of (the) Kansas River, and * * * (dissemination) of assurances and information * * * that said Kansas River would not overflow (its) banks." Clearly, Section 702(c), supra, exempts the Government from liability under such a state of facts. But, be that as it may, the gist of plaintiff's claim is one for "misrepresentation, deceit." The Federal Tort Claims Act specifically retains governmental immunity for "any claim arising out of * * * misrepresentation, deceit, * * *." Section 2680(h), Title 28 U.S.C.A. "Dissemination of misinformation" as here claimed by plaintiff, whereby it was "lulled into a false sense of security" to its damage, is tantamount to misrepresentation and deceit, in the sense we believe those terms were intended in section 2680(h), supra, as to which the Federal Government retains its right of immunity. "Misrepresentation" as therein used is not a technical term. It may be defined as the statement made by an employee or officer of the Government that a thing is in fact in a particular way, when it is not so, a false or incorrect statement. "Negligent misrepresentation is a false statement made by one who has no reasonable grounds for believing it to be true, although he does not know that it is untrue, or even believes it to be true." (Black L.D.) Cf. Zackwik v. Hanover Fire Ins. Co., Mo. App., 225 S.W. 135, 138; Rest.Law Torts, No. 525. That is the specific charge here made by plaintiff against employees and officers of the Government that they negligently misrepresented the 1951 flood situation in Kansas City, Missouri, to plaintiff's damage. Under such circumstances, the Congress has specifically said that governmental immunity would not be waived. It seems absurd to think the Government would assume liability in tort for "misrepresentation" whereby a citizen was intentionally or negligently misled and misinformed by an officer or employee of the Government. We think governmental integrity compelled the Congress to retain governmental immunity under such circumstances.

For all the reasons above stated, defendant's motion for summary judgment must be, and the same is hereby, sustained. It is ordered that plaintiff's complaint be, and the same is hereby, dismissed.