Jesse O. SMALL, Jr., Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 2466.**

United States District Court
D. Delaware.

May 28, 1963.

Supplemental Opinion June 24, 1963.

Clement C. Wood, Allmond & Wood, Wilmington, Del., for plaintiff.

Alexander Greenfeld, U. S. Atty., and Stanley C. Lowicki, Asst. U. S. Atty., Wilmington, Del., William A. Gershuny, Attorney, Department of Justice, Washington, D. C., for defendant.

RODNEY, Senior District Judge.

This action was instituted by plaintiff, a resident of Delaware, under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b) [1] and § 2674.[2] Defendant moves

1. "* * * district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Govern-

2. See Note 2 on Page 661.

under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the action for failure to state a claim upon which relief can be granted.

The plaintiff in 1961 was alleged to be a practicing dentist in Wilmington, Delaware, and a Captain in the U. S. Army Reserve, Second Army Area. The U. S. Army Reserve consists of several branches of which it is only necessary to consider two, the "Ready Reserve" and the "Standby Reserve."[3] The plaintiff is alleged to have been a member of the "Standby Reserve."

Congress by a joint resolution approved August 1, 1961, known as Public Law 87–117,[4] authorized the calling for active duty of a specified number of members of the "Ready Reserve" but did not thereby authorize the calling of any members of the "Standby Reserve."

On October 17, 1961 by letter order A–10–588, the plaintiff was ordered to active duty on October 24, 1961 and to report at Fort Knox, Kentucky on October 26, 1961 for processing and to Fort Chaffee, Arkansas on November 2, 1961. This letter order was on the letterhead of "Headquarters, Second United States Army, Fort George G. Meade, Maryland." It was signed "For the Commander, G. W. Williams, Captain, AGC, Asst. AG" and cited the authority for the call the joint resolution of August 1, 1961 (87–117), above referred to.

Within seven days from the date of the order, the plaintiff alleged that he sublet his dental offices, referred his patients to other dentists and arranged his personal affairs and reported for duty according to the order.

The complaint says, "On or about March 3, 1962, plaintiff was released from service because he had been erroneously called for active duty." This was

because the joint resolution authorizing the call to duty provided for calling members of the "Ready Reserve" and not members of the "Standby Reserve," to which the plaintiff belonged.

The plaintiff alleges negligence. The plaintiff seeks damages due to the Government's negligent conduct in calling him to active duty.

The purpose of the Federal Tort Claims Act was, at least, two-fold in character. It was, on the one hand, a recognition that a person injured in his property or person by the negligence or tort of an agent or employee of the Government was, under certain circumstances, entitled to legal examination of his claim and redress for his injuries, which prior to that time were denied to him because of the Government's immunity from suit. On the other hand, it was intended to provide a forum for the determination of claims against the Government which could theretofore be only considered by a private Act of Congress. The development of the country had made the instances of petitions for these private Acts so excessive in number as to prevent due consideration of the justice of the claims and a burden to Congress. The number of these petitions for private Acts exceeded 2,000 at many sessions of Congress, only a fraction of which resulted in legislation. Dalehite v. United States, 346 U.S. 15, 25, 28, 73 S.Ct. 956, 97 L.Ed. 1427. By looking at the exceptions enumerated in 28 U.S.C. § 2680, we find, however, that the Government did not intend to waive immunity in all instances. To further illustrate that the Act is one somewhat restrictive in nature, we find that the Government by the Act is made liable *only* when it, if "it were a private individual," would be liable in accordance

---

ment while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of place where the act or omission occurred."

**2.** 28 U.S.C. § 2674. "The United States shall be liable * * * in the same manner and to the same extent as a private individual under like circumstances, * * *."

**3.** 10 U.S.C. §§ 673, 674.

**4.** 75 Stat. 242.

with the law of the place where the injury occurred.

■ Aside from the exceptions listed in 28 U.S.C. § 2680, the Supreme Court has engrafted by judicial determination in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152,[5] another exception, that being "* * * that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Government here contends that this decision is controlling due to the fact that the plaintiff would not have been activated unless he was connected to the Armed Forces. The plaintiff, on the other hand, argues that Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 should control. In the Brooks case a soldier in the regular Army, but on furlough at the time, was held entitled to recover under the Federal Tort Claims Act for injuries inflicted by the negligence of a governmental employee resulting from an automobile accident. Clearly, I think, the Reserves are a part of the Armed Forces of the United States, they being subject under certain conditions to be called into active service.

■ There is a strong analogy between a soldier of the regular Army, but on furlough at the time, and a member of the Armed Forces, to wit, the "Standby Reserve" before recall which, indeed, may be considered in the light of an indeterminate furlough subject to be terminated by a recall to service. Thus, if the present plaintiff had been injured as a result of an automobile accident by reason of the negligence of a member of the U. S. Army, the matter would be quite similar to Brooks v.

United States, supra. This analogy fails, however, when we consider the nature of the negligence complained of and the resulting damages claimed by the plaintiff. It seems entirely clear that the negligence complained of, viz., the negligent calling of the plaintiff into active service and the damages claimed by the plaintiff arose out of or in the course of activity incident to military service.

It seems unnecessary, however, to determine this case solely upon the foregoing grounds that the injury complained of "resulted from activity incident to military service."

A Section of the Federal Tort Claims Act[6] lists some twelve or more categories which are expressly excepted from the operation of the Act. The plaintiff contends, in his brief, that:

"Unless * * * the case falls within one of the exceptions to the above Act set forth in 28 U.S.C. 2680, the Government must be held to have given its consent to be sued and the District Court is the proper forum."

In the many cases which have considered the Federal Tort Claims Act, I found but few cases which expressly so hold.[7] In one case[8] it was held that a claim not expressly excepted by Section 2680 was actionable under the principle of "expressio unius est exclusio alterius." This was denied in another case.[9] In any event these cases were prior to Feres v. United States[10] in which the Supreme Court denied a claim which was not excepted by Section 2680.

It isn't suggested that the facts of the present case precisely involve any of the exceptions set out in Section 2680.

■ I am of the opinion that the instances set out in Section 2680 are in-

---

5. The facts in Feres are that decedent, while on active duty and housed in an Army barracks, was killed by a fire which destroyed the barracks. Negligence was alleged in quartering him in barracks which were unsafe due to a defective heating plant and in failing to maintain an adequate fire watch.

6. 28 U S.C. § 2680.

7. Cerri v. United States, D.C., 80 F.Supp. 831, (1948).

8. Wojciuk v. United States, D.C., 74 F. Supp. 914, (1947).

9. Cascade County, Mont. v. United States, D.C., 75 F.Supp. 850, (1948).

10. 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

stances which Congress concluded should in no event be made applicable under the Federal Tort Claims Act.

■ I am also of the opinion when the facts of a case do not fall within any express exception in Section 2680 that the facts of a particular case must be considered with relation to the language of the Act itself. As said in Toledo v. United States, D.C., 95 F.Supp. 838, 840:

"* * * Congress was specifying clearly instances in which it did not intend to waive the immunity of the Government to suit."

■ It is clearly the law that the Federal Tort Claims Act did not create any causes of action where none existed before "* * * Its effect is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities." [11]

In Mid-Central Fish Co. v. United States, D.C., 112 F.Supp. 792, 795, it is said that Congress by the Federal Tort Claims Act

"* * * did not grant, or intend to grant, any new and novel causes of action enforceable against the Federal Government, but only waived immunity with reference to certain ascertainable tort claims, under circumstances which in the past gave rise to specific private liability."

As said in United States v. Yellow Cab Co., 340 U.S. 543, 548, 71 S.Ct. 399, 404, 95 L.Ed. 523:

"This Act does not subject the Government to a previously unrecognized type of obligation. Through hundreds of private relief acts, each Congress for many years has recognized the Government's obligation to pay claims on account of damage to or loss of property or on account of personal injury or death caused by negligent or wrongful acts of employees of the Government. This Act merely substitutes the District Courts for Congress as the agency to determine the validity and amount of the claims. * * *"

If, as indicated in the Yellow Cab case, Congress has merely substituted this Court for Congress to determine the validity and amount of a claim and has set out clear guide posts of jurisdiction in the Statute, this Court can not ignore these guide posts merely because Section 2680 of the Act denies jurisdiction in this Court in some instances.

■ Jurisdiction under the Federal Tort Claims Act is exclusively vested in the United States District Court. I am of the opinion that what the Act allows is that whenever a suit could be brought against an individual in either a state court or in a federal court, founded on tort or negligence, that then under like circumstances the United States may become liable under the Federal Tort Claims Act and the immunity of the Government is waived. This is the exact language of 28 U.S.C. § 2674 making the United States liable "in the same manner and to the same extent as a private individual under like circumstances." It is an analogous or parallel liability in which immunity is waived.

■ The same result is reached from a consideration of Section 1346(b) of this Statute [12] giving jurisdiction to this Court. This Court has no general jurisdiction in all cases of suits against the United States by the Act. Jurisdiction is denied in all instances set out in Section 2680 because the Act expressly says that the Act "shall not apply" to such instances. The Court is given jurisdiction to determine the liability in cases based on the negligence or wrongful act of an employee of the United States "where the United States, if a private

11. Feres v. United States, 340 U.S. at 142, 71 S.Ct. at 157, 95 L.Ed. 152; Dalehite v. United States, 346 U.S. 15, 43, 73 S.Ct. 956, 97 L.Ed. 1427; National Mfg.

Co. v. United States, 8 Cir., 210 F.2d 263, 275.

12. 28 U.S.C. § 1346(b).

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." That is the extent of the given jurisdiction and the quoted words of the Statute may not be disregarded.

The facts of this case do not bring the case within the terms of this Statute.

■ It seems quite clear to me that in adopting the Federal Tort Claims Act and thus subjecting the Government to suit in tort cases, Congress was undertaking with the greatest precision to measure and limit the liability of the Government under the doctrine of respondeat superior "in the same manner and to the same extent" as a private individual under like circumstances would be liable under the laws of the various states.[13]

If circumstances could exist under which no liability could be created against an individual because no individual could perform certain acts and yet under those same facts liability would be sought to be imposed upon the Government under the Federal Tort Claims Act, then clearly the Government would be subjected to a novel and unprecedented claim, which is denied under all the authorities.

■ Where I have herein indicated that I thought the liability of the United States under the Federal Tort Claims Act would be limited to that of an individual under "like circumstances," I would not be understood to mean circumstances that are precisely identical or conditions that are exactly the same, but I do think there must be circumstances somewhat akin or analogous.

The cases in which liability has been placed upon the United States by the

Federal Tort Claims Act have found some general liability to which this particular liability of the United States could be analogized. It is only thus that the Court could apply the law of any particular place which the law requires.

■ The requirement that in order for the Federal Tort Claims Act to fix liability upon the United States, there must be some analogous liability upon some individual by the law of some jurisdiction is plainly intimated by Feres v. United States, 340 U.S. 135, 141, 71 S. Ct. 153, 157, 95 L.Ed. 152, where it is said:

"One obvious shortcoming in these claims is that plaintiffs can point to no liability of a 'private individual' even remotely analogous to that which they are asserting against the United States. We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving. Nor is there any liability 'under like circumstances,' for no private individual has power to conscript or mobilize a private army with such authorities over persons as the Government vests in echelons of command. * * * " [14]

The industry of counsel has urged upon this Court a number of cases which they think would justify this Court in granting a judgment for the plaintiff.

Some or most of these cases are cited in the footnote. They have all been examined and most or all have found some analogous or similar circumstances sufficient to allow the application of the Act.[15]

One of the many cases which might be cited in sustaining the liability of the

---

13. United States v. Campbell, 5 Cir., 172 F.2d 500.

14. See also Goodwill Industries of El Paso v. United States, 5 Cir., 218 F.2d 270.

15. Bulloch v. United States, D.C., 133 F. Supp. 885; Air Transport Associates,

Inc. v. United States, 9 Cir., 221 F.2d 467; See also Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 and Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed. 2d 354.

United States under the Federal Tort Claims Act was Eastern Air Lines v. Union Trust Company, 95 U.S.App.D.C. 189, 221 F.2d 62.[16] There the Court clearly found the potential individual liability to which the liability of the United States could be analogized. That case involved the operation of a control tower at an airport. The Court found 221 F.2d at 74:

" * * * there was no reason why a private individual or a private corporation could not construct an airport and operate a control tower manned by its own operators certificated by the CAA. Such an individual or corporation would of course be liable for the negligence of privately employed tower operators. It follows that, when the United States entered the business of operating a civil airport and an air traffic control tower in connection therewith, it assumed a role which might be and was assumed by private interests. Hence, under 28 U.S.C. §§ 1346(b) and 2674, the Government is liable for the negligent acts or omissions of its control tower operators in the performance of their functions and duties, * *." [17]

■■■■ I find that the basic rationale of the Feres decision is applicable to our factual situation. Both plaintiff and defendant agree that the law of Delaware should control if the Court were able to locate a parallel. Although it is not imperative that there be identical liability, there must at least, I think, be an analogous liability. Under the laws of Delaware, I can not locate a situation even remotely analogous to our facts.

The act of calling one to active duty is one situation which is impossible to duplicate, approximate or analogize in private life. As the Court stated in

Feres v. United States, 340 U.S. 141, 71 S.Ct. 157, 95 L.Ed. 152:

" * * * Nor is there any liability 'under like circumstances,' for no private individual has power to conscript or mobilize a private army * * *."

There is no analogous situation under the laws of Delaware where a private individual can conscript a man's services, assume complete control over all of his acts and movements and require obedience to all orders unless, perhaps to some degree, in pursuance of criminal proceedings.

I do not say that some employee or agent of the United States may not have been guilty of negligence or of some tort; I do not say that as a consequence of that tort or negligence the plaintiff has not been injured.[18]

I have not reached the merits of the case for I think that the facts of the case do not bring it within the purview of the Federal Tort Claims Act and this Court has no jurisdiction so to do.

■■■■ Contemporaneous with the passage of the Federal Tort Claims Act another Act was passed which limited or prevented the introduction of private Acts in Congress seeking compensation for injuries by Government employees.[19] This Act, however, only applied to the denial of private Acts where such causes of action came within the Federal Tort Claims Act.

The facts of the present case do not, I think, come within the terms of the Federal Tort Claims Act and the complaint must be dismissed.

An appropriate order may be submitted.

### SUPPLEMENTAL OPINION

After the above opinion had been prepared and filed and on June 17, 1963

16. Reported in the District Court as Union Trust Co. of District of Columbia v. United States, 113 F.Supp. 80.

17. In this case certiorari was granted but the judgment of the Circuit Court was affirmed without further opinion, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796.

18. I have given no consideration to a suggestion of contributory negligence as arising from the plaintiff's knowledge of that portion of the U.S. Reserve to which he belonged.

19. 2 U.S.C. § 190g.

the Supreme Court of the United States filed its opinion in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805, involving the Federal Tort Claims Act.[1] In that case the Court enlarged the coverage of the Federal Tort Claims Act by allowing the propriety of action by a federal prisoner for damages caused by the negligence of guards or wardens which had not theretofore been allowed.

The possible impact of this later decision by the Supreme Court on the opinion in the present case is the reason for this supplement.

The Supreme Court does not overrule Feres v. United States[2] upon which the opinion in the present case is largely based. While the Court does state, quoting from Rayonier, Inc. v. United States, 352 U.S. 315, 320, 77 S.Ct. 374, 377, 1 L.Ed.2d 354:

> "There is no justification for this Court to read exemptions into the Act beyond those provided by Congress.",

yet the Court recognized that Feres v. United States did concern an exemption not covered by the Act.

In the recent holding of the Supreme Court and in speaking of the Federal Tort Claims Act, the Court says:

> "Whether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law * * *."

The fact that no analogous suit could be brought by a private individual was largely the basis of Feres v. United States and almost entirely so in the present case. The Supreme Court in the recent case of United States v. Muniz recognizes this requirement when it says:

> "And in any event, an analogous form of liability exists. A number of States have allowed prisoners to recover from their jailers for negligently caused injuries and several

States have allowed such recovery against themselves."

I think the recent case of United States v. Muniz does not affect my opinion as heretofore expressed.

---

1. 28 U.S.C. §§ 1346(b), 2671–2680.

2. 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.