**Theresa M. ZAPUTIL, an individual,
Plaintiff–Appellant,**

**v.**

**Claiborne W. COWGILL; Naj S. Negendram; John Iffland; Frances Connant; Jean Halsell, individuals, Defendants–Appellees.**

**No. 02–56063.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2003.

Filed July 9, 2003.

Richard Hamlish, Thousand Oaks, CA, for the plaintiff-appellant.

David Pinchas, Assistant United States Attorney, Los Angeles, CA, for the defendants-appellees.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

## OPINION

SILVERMAN, Circuit Judge.

We hold today that the *Feres* doctrine bars a military reservist, who had been discharged from the National Guard but not from the Reserve, from bringing an action for damages against the military personnel who allegedly wrongly revoked her National Guard discharge and ordered her back to duty.

---

* The Honorable Frederick J. Martone, United States District Judge for the District of Ari-

### I. Background

Appellant Theresa Zaputil, was a member of the United States Air Force or a member of an air national guard or reserve squadron since 1986. In 1998, she requested a transfer from the 141st Medical Squadron of the Washington National Guard to the 146th Medical Squadron of the California Air National Guard (CANG). Zaputil was transferred later that year and offered a commission in January of 1999.

Zaputil filed a Request for Conditional Release and a Request for Discharge in March of 2000. A "National Guard Bureau Report of Separation and Record of Service" was issued for Zaputil on October 30, 2000. On November 20, 2000, by the order of the governor of California, Zaputil was honorably discharged from the CANG and transferred to the United States Air Force Reserve and assigned to HQ ARPC.

Twelve days later, on December 2, 2000, Zaputil was notified that her discharge order had been revoked. She was ordered by the CANG to return to duty on or before December 3, 2000, which she did, under protest. About three weeks later, Zaputil was informed that she would be given an honorable discharge. In February, 2001, Zaputil again was given an honorable discharge from the California Air National Guard.

In November 2001, Zaputil filed in district court a "Complaint for Damages for Violations of Civil Rights" against her superiors at the CANG, naming individual national guard officers as defendants. Zaputil alleged a violation of the 13th Amendment's prohibition against involuntary servitude, a deprivation of life, liberty, or property without due process in violation of the 14th Amendment, false imprison-

zona, sitting by designation.

ment, and retaliatory harassment. All of Zaputil's claims are premised on her having been forced to return to duty after she had been discharged from the CANG.

The district court dismissed the action for lack of subject matter jurisdiction pursuant to the doctrine of intra-military immunity first announced in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## II. Analysis

■■■ The *Feres* doctrine is applicable "whenever a legal action 'would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" *Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir.1997) (quoting *McGowan v. Scoggins*, 890 F.2d 128, 132 (9th Cir.1989)). "The test has been broadly construed to immunize the United States and members of the military from any suit which may 'intrude in military affairs,' 'second-guess[ ] military decisions,' or 'impair[ ] military discipline.'" *Jackson v. Brigle*, 17 F.3d 280, 282 (9th Cir.1994) (quoting *Stauber v. Cline*, 837 F.2d 395, 398 (9th Cir.1988), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988)).

In this case, Zaputil's recall into service by the California Air National Guard occurred while she was still a member of the Air Force Reserve. *See* 10 U.S.C.

§ 12106(b);[1] 10 U.S.C. § 12107(b)(2).[2] Because Zaputil was still in the Reserve, decisions and orders to recall her into the California Air National Guard necessarily implicate military decisions, affairs and discipline. *See Jackson v. United States*, 110 F.3d 1484, 1487 (9th Cir.1997) (holding that "[m]embers of the National Guard and the Reserves are service members under *Feres*.").

■■■ The issue before us is not whether the orders issued to Zaputil were lawful, unlawful, or otherwise, and therefore we express no opinion on whether a unit of the Air National Guard may call up a member of the Air Force Reserve. Under the *Feres* doctrine, military service personnel simply do not enjoy a federal tort remedy for damages caused by even indisputably erroneous military decisions and orders. If an order to a reservist to report for duty is wrongful or invalid, it can be challenged through military channels (as Zaputil successfully did), or its invalidity raised as a defense in a court-martial. *See* 10 U.S.C.A. § 892; *United States v. New*, 55 M.J. 95 (2001). Furthermore, habeas corpus relief is available if the military exceeds its jurisdiction. *Gibson v. United States*, 329 U.S. 338, 358–59, 67 S.Ct. 301, 91 L.Ed. 331 (1946).[3] However, under the *Feres* doctrine, federal courts simply do not provide a forum for civil damage claims for such events.

Whenever confronted with situations in which a reservist was improperly called into service, or situations in which a discharge or its timing was challenged, courts

1. 10 U.S.C. § 12106(b) states:
   An enlisted member of the Air National Guard of the United States who ceases to be a member of the Air National Guard becomes a member of the Air Force Reserve unless he is also discharged from his enlistment as a Reserve.

2. 10 U.S.C. § 12107(b)(2) states:
   Under regulations to be prescribed by the Secretary of the Air Force, a person who

   enlists in the Air National Guard, or whose term of enlistment in the Air National Guard is extended, shall be concurrently enlisted, or his term of enlistment shall be concurrently extended, as the case may be, as a Reserve of the Air Force for service in the Air National Guard of the United States.

3. The Court in *Gibson* said:
   [I]n the case of one entering the armed forces, the loss of civil rights, including

have consistently held that *Feres* bars a civilian court from hearing the claim. In *Rogers v. United States*, 902 F.2d 1268 (7th Cir.1990), the Seventh Circuit held that the *Feres* doctrine barred a suit for false imprisonment when the plaintiff was arrested for desertion, after his discharge, because of the Navy's negligence in finalizing his paperwork. The court said:

> We conclude that the *Feres* doctrine is applicable, largely because a tort suit against the military for false imprisonment where the confined plaintiff has not received final discharge is the type of claim that, "if generally permitted," would threaten "military discipline and effectiveness." See *Shearer*, 473 U.S. at 59, 105 S.Ct. at 3043.

One commentator has described three separate "discipline" concerns identified by courts: disruption of the military through the factual inquiries by civilian courts, discouragement of effective military decision-making due to fear of damage awards, and promotion of disobedience by soldiers. Schwartz, *Intramilitary Tort Law*, 95 Yale L.J. 992, 1003–1008 (1986). Each of these concerns would be implicated if the armed

services could be second-guessed in their determinations of when a service member is no longer a service member. *Id.* at 1272.

In *Garrett v. United States*, 625 F.2d 712, 714 (5th Cir.1980), the Fifth Circuit held that a former marine's suit alleging injury stemming from his negligent detainment after the expiration of his enlistment, but before his formal discharge, was barred by the *Feres* doctrine.

> [P]laintiff's injury did arise out of his military service. He was placed on legal hold because of his activities as a marine, and the decision to keep him beyond the expiration of his enlistment contract and after formal military charges against him were dropped, whether or not negligently made, was also incident to his activities as a marine. Since plaintiff's alleged injury arose out of activity incident to his military service, we hold that his suit under the FTCA is barred by the *Feres* doctrine.

In *Anderson v. United States*, 724 F.2d 608 (8th Cir.1983), Anderson had enlisted in the Minnesota Army National Guard. After failing to attend various training sessions,

---

those of recourse to the civil courts *other than by way of habeas corpus,* results altogether by virtue of the change from civilian to military status. The reasons underlying those rulings do not apply in the case of one who does not undergo that change, remains at *all* times a civilian, subject only to civilian duties and to civil penalties for violating them. There is not the same necessity or compulsion in such a case for bringing about forfeiture of civilian rights, including remedies for questioning the validity of the order the registrant is charged with violating. That compulsion arises from the necessity for preventing interruption of military processes by intrusion of the civil courts *beyond the essential minimum of keeping open the habeas corpus channel to show that the military authority has exceeded its jurisdiction in dealing with the individual.* It is on this foundation that the

forfeiture of other civil remedies is held to take place.

329 U.S. at 358–59 (footnote omitted; emphasis added). We note further that one who has never been in the military, or who has severed all ties with the military, is entitled to immediate habeas relief. *See Schlesinger v. Councilman*, 420 U.S. 738, 759, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Reid v. Covert*, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957); *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955). A reservist unlawfully ordered to report to active duty is also entitled to habeas relief, *see Hammond v. Lenfest*, 398 F.2d 705 (2d. Cir. 1968), but must generally exhaust remedies available through military channels. *See Woodrick v. Hungerford*, 800 F.2d 1413, 1417 (5th Cir.1986). Thus, ultimately there is federal judicial review—the military is not the last word on federal questions.

Anderson was involuntarily called into active duty by the U.S. Army. One day before he was to report to the Army, Anderson was discharged from the Minnesota National Guard. After failing to report to the Army, he was declared a deserter and arrested by military police for being AWOL. Claiming unlawful arrest and detention, Anderson argued that *Feres* did not apply because his discharge from the Minnesota National Guard terminated his military obligations. The court disagreed, reasoning that because Anderson was subject to military service at the time of his arrest, the *Feres* doctrine barred his FTCA action. *Id.* at 610.

These cases stand in sharp contrast to the circumstances in *Valn v. United States*, 708 F.2d 116 (3rd Cir.1983), on which Zaputil mainly relies. In *Valn*, the plaintiff had been discharged from both the United States Army *and* the Delaware National Guard. Then, while a full-fledged civilian, he was involuntarily activated into the Army for failing to report to the Guard. Valn sued, claiming that the United States, through its agents, had acted negligently in ordering him back to service. The court held that the *Feres* doctrine did not apply in those circumstances because Valn was a civilian suing the government for injuries arising out of its dealing with him as a private citizen. *Id.* at 120.

■ The *Valn* court was careful to distinguish its situation, in which the plaintiff had been completely discharged from *all* his military obligations, from a situation in which the plaintiff was *still* a member of the Army "Standby Reserve" and was called up erroneously for active duty. *Id.*

at 120 n. 5 (distinguishing the case from *Small v. United States*, 219 F.Supp. 659 (D.Del.1963), which held that the erroneous calling up to duty of an Army Reservist was activity incident to his status as a member of the military, therefore barring the ensuing suit.).

In the present case, Zaputil, although discharged from the CANG, was still a member of the Air Force Reserve.[4] The *Feres* doctrine prevents Zaputil from recovering civil damages for any injuries caused by the military decisions about which she complains.

AFFIRMED.

---

4. In her complaint, Zaputil alleged that she was a civilian when ordered back to CANG. However, at the argument on the motion to dismiss in district court, Zaputil's counsel conceded that Zaputil remained in the Reserve upon her discharge from CANG, and indeed, would have been prohibited by *Feres* from suing the Air Force Personnel Center. Zaputil has thus waived any argument that she was a civilian.