Ronald PAYNE, Plaintiff—Appellant,

v.

UNITED STATES of America; et al., Defendants—Appellees.

No. 03–16499.

D.C. No. CV–03–00179–HG–LEK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Ronald Payne, pro se, Honolulu, HI, for Plaintiff–Appellant.

R. Michael Burke, Asst. U.S. Atty., Theodore G. Meeker, Spec. Asst. U.S. Atty., USH–Office of the U.S. Attorney, Honolulu, HI, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Ronald Payne, a sergeant in the United States Army, appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action for injunctive relief and damages against the United States and Colonel Arnaldo Claudio, in which Payne alleged that Claudio violated his constitutional rights, defamed him, wrongfully assaulted and arrested him, and inflicted emotional distress. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wilkins v. United States,* 279 F.3d 782, 785 (9th Cir.2002), and we affirm.

The district court properly dismissed Payne's claims for damages because his claims involve the supervision or control of members of the armed forces. *See Zaputil v. Cowgill,* 335 F.3d 885, 887 (9th Cir. 2003) (applying *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)). Further, the incidents complained of were incident to military service. *See Lutz v. Sec'y of Air Force,* 944 F.2d 1477, 1487 (9th Cir.1991). The *Feres* doctrine, however, does not bar Payne's claim for injunctive relief to expunge the reprimand letter from his record. *See Wilkins,* 279 F.3d at 787.

Nevertheless, because we may affirm on any ground supported by the record, *Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.,* 302 F.3d 985, 997 (9th Cir.2002), we affirm because Payne's claim for injunctive relief is not justiciable under the *Mindes* test. *See Wenger v. Monroe,* 282 F.3d 1068, 1072 (9th Cir.2002) (adopting *Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971)). Review would require the district court to scrutinize and evaluate decisions made by several individuals, all within the military, concerning incidents that occurred on a military base relating to military discipline and rank, and involving the court extensively in matters of military discretion and expertise and requiring an interference with military functions. *See Wenger,* 282 F.3d at 1072, 1075–76. Further, Payne did not utilize available administrative remedies so he failed to show that he will necessarily suffer any injury if review is refused. *See id.* at 1072; *see*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Payne's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*also* 10 U.S.C. §§ 938, 1552 (providing administrative remedies).

Payne's other contentions also lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.